IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN WASHINGTON,<br>    Plaintiff, | *<br>*|
| v. | CIVIL ACTION NO.  CCB-04-2951 |
| | * |
| DEPARTMENT OF PUBLIC SAFETY AND<br>  CORRECTIONAL SERVICES, et al.,<br>    Defendants. | <br>* |

*******

**MEMORANDUM**

On September, 2004, plaintiff, then incarcerated at the Talbot County Detention Center in Easton, Maryland, filed a pro se action pursuant to 42 U.S.C. § 1983, alleging that defendants failed to release him from Division of Correction custody to the Talbot County Detention Center as directed by the Circuit Court for Talbot County. Paper No. 1. The case now is before the court on cross motions for summary judgment filed by the parties. Paper Nos. 18 and 20. No hearing is needed to resolve the facts and issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

**I. STATEMENT OF FACTS**

The following facts are not in dispute. On February 4, 2004, plaintiff was found guilty after trial in the District Court of Maryland for Talbot County of fourth degree burglary and theft less than $500.00. He was sentenced to a total term of three years. Paper No. 20, Ex. A. Plaintiff appealed his conviction and sentence. The Circuit Court for Talbot County, Maryland vacated plaintiff's previous conviction and sentence.  Plaintiff then pled guilty to theft under $500.00 and was sentenced by the Circuit Court for Talbot County, Maryland to eighteen months in the Talbot County Detention Center. Plaintiff's sentence was to be served consecutive to any other then- pending sentence. *Id.*, Ex. C. Plaintiff remained housed

at the Maryland Correctional Institution-Hagerstown until July 21, 2004, when he was released from the DOC to the Talbot County Detention Center. *Id.*, Ex. E.

Plaintiff's obligation to the DOC ended on May 6, 2004. *Id.* Plaintiff does not allege, nor do any records reflect, that he did not receive credit for time served in the DOC--May 6, 2004 to July 21, 2004-- on his sentence to be served in the Talbot County Detention Center. Instead, he complains that he did not serve all of his eighteen month sentence in the Detention Center, in violation of his right to due process.

## II. STANDARD OF REVIEW

In order to survive a defendant's properly supported motion for summary judgment, a plaintiff is required to produce some evidence to support each of his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 322. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to state a claim for denial of due process under the Fourteenth Amendment, plaintiff must allege that a constitutionally protected life, liberty or property interest was at stake. The Constitution itself

does not give prisoners an interest in being classified to a particular prison, security level or job. *Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution.").

While a state can create a constitutionally protected liberty interest, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relations to the ordinary incidents of prison life." *Sandin v. Conner*, 515, U.S. 472, 484 (1995). Being denied a reduction to a lesser security status, a transfer to a minimum security institution, and placement in favorable prison programs are simply not atypical or significant hardships in ordinary prison life. *Id*. Because plaintiff does not have any constitutionally protected liberty interests at stake, he has no entitlement to due process in connection with any of the deprivations alleged and his claim shall therefore be dismissed.

### III.  CONCLUSION

In light of the foregoing, a separate Order shall be entered granting defendants' motion for summary judgment, denying plaintiff's motion for summary judgment, entering judgment in favor of defendants and against plaintiff, and closing this case.

| | |
|---|---|
| __May 12, 2005__ | __/s/__ |
| Date | Catherine C. Blake |
| | United States District Judge |